**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Kaushikkumar Prahladbhai PATEL,<br><br>Plaintiff,<br><br>v.<br><br><br><br>Joseph B. Edlow, Director,<br>U.S. Citizenship and Immigration Services;<br><br>Kristi Noem, Secretary,<br>U.S. Department of Homeland Security.<br><br>Pam Bondi, Attorney General of<br>the United States;<br>Defendants.<br>_______________________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. ___________ |

**COMPLAINT**

COME NOW, Kaushikkumar Prahladbhai PATEL, Plaintiff, in the above-styled and numbered cause, and for this cause of action would show unto the Court the following:

## I. INTRODUCTION

1. This is a civil action seeking mandamus, declaratory, and injunctive relief based on the failure of the United States Citizenship and Immigration Services ("USCIS") to adjudicate the U nonimmigrant visa application filed by Plaintiff and issue a *bona fide* determination. The application has been pending since June 10, 2024. In 2008, Congress recognized that Defendants' visa program for victims of crime – the "U status" program – was broken because of adjudication delays. It therefore enacted interim work authorization and deferred action for U status applicants with *bona fide* applications to survive in the United States while they assisted law enforcement in investigations. Congress expected those interim benefits to be issued within sixty (60) days; today, Defendants report it takes sixty (60) months to issue these interim benefits. Plaintiff has waited for more than fourteen (14) months instead of the designated sixty (60) days. As such, *this Court* should compel action on Plaintiff's pending petitions.

## II. JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1346 (U.S. as Defendant); 28 U.S.C. § 1331(federal question jurisdiction); 28 U.S.C. § 2201(Declaratory Judgment Act); 5 U.S.C. § 555 and § 701 et seq. (Administrative Procedures Act); and 28 U.S.C. §1361(mandamus statute).
3. Relief is requested pursuant to the said statutes.

## III. VENUE

4. Venue is appropriate in the District Court for the Eastern District of New York. *See* 28 U.S.C. § 1391(e). Plaintiff resides at 141-17 79th Ave, Apt. 2P, Flushing, NY 11367, which is within the jurisdiction of the Eastern District of New York.

## IV. PLAINTIFF

5. Plaintiff Kaushikkumar Prahladbhai Patel has a pending I-918 Application for U Nonimmigrant visa. He was a victim of Felonious Assault (Armed Robbery).[1]

6. On June 10, 2024, Plaintiff, Kaushikkumar Prahladbhai Patel petitioned for an I-918 U Nonimmigrant visa by filing the USCIS form I-918.

7. On July 7, 2024, USCIS issued receipt notices confirming receipt of Plaintiff's petition.

8. On September 23, 2024, the USCIS captured Plaintiff, Kaushikkumar's biometrics at Jamaica, NY. The application remains pending.

9. Plaintiff's U Visa application has been pending since June 2024, a period longer than 180 days. Plaintiff still awaits his Bonafide determination.

## V. DEFENDANTS

10. Defendant Joseph B. Edlow is the Director of United States Citizenship and Immigration Services ("USCIS") in charge of adjudication of the U Visa applications.

11. Defendant Kristi Noem is the Secretary of the Department of Homeland Security. As a result of massive reorganization, the Immigration and Naturalization Service was dissolved on March 1, 2003, and its functions were taken over by the Department of Homeland Security. "USCIS" is a branch of the Department of Homeland Security.

---

[1] See, Exhibit B – Copy of I-918 Supplement B certification signed within six months of filing

12. Defendant Pam Bondi is the Attorney General of the United States.

13. All Defendants are being sued in their official capacities.

## VI. FACTUAL BACKGROUND

14. Plaintiff Kaushikkumar Prahladbhai Patel has a pending I-918 Application for U Nonimmigrant visa. He was a victim of Felonious Assault (Armed Robbery).

15. On June 10, 2024, Plaintiff, Kaushikkumar Prahladbhai Patel petitioned for an I-918 U Nonimmigrant visa by filing the USCIS form I-918.

16. On July 7, 2024, USCIS issued receipt notices.

17. On September 23, 2024, the USCIS captured Plaintiff, Kaushikkumar's biometrics at Jamaica, NY. The application remains pending.

18. Plaintiff's U Visa application has been pending since June 2024, a period longer than 180 days. Plaintiff still awaits his Bonafide determination.

## VII. CAUSE OF ACTION

15. Plaintiff incorporates by reference the previous paragraphs of the Complaint.

16. Plaintiff is requesting that Defendants immediately take all actions necessary to make *bona fide* determinations on his U Visa application.

17. In 2008, Congress recognized that wait times for the U-Visa waiting list were growing, and U-Visa applicants now needed pre-waiting list work authorization. *See*, 154 Cong. Rec. H10, 888,10,905(Dec. 10, 2008)(statement of Reps. Berman and Conyers), 2008 WL 5169865. The bill's sponsor stated U-Visa applicants "should not have to wait for up to a year before they can support themselves and their families" and added that USCIS should strive to issue work authorization within sixty (60) days of filing. *Id*. Congress therefore enacted pre-waiting list work authorization for "any alien who has a pending, bona fide

application for [U] status. "Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), Pub. L. 110-457, 122 Stat. 5044 (codified in part at 8 U.S.C. § 1184(P)(6)) (emphasis added).

18. Based on the TVPRA, Plaintiff has a clear right to receive a *bona fide* determination in a timely manner. The issuance of a *bona fide* determination is a ministerial, non-discretionary task that Defendants must perform within a reasonable period of time. *See*, Yu v. Brown, 36 F.Supp.2d 922,931 (D.N.M. 1999).

19. USCIS has authority to make *bona fide* determinations that provide deferred action and work authorization to petitioners residing within the United States. See, 3 USCIS-PM C.5(C)(7) (Citing INA § 274A).

20. A petition is considered bona fide when filed with an I-918 Supplement B law enforcement certification signed no more than six months, and a personal statement, describing the facts of the crime victimization.[2]

21. Plaintiff's petition included an I-918 Supplement B law enforcement certification signed within six months of the filing date, and a personal statement, describing the facts of the crime victimization. Furthermore, it has been more than sixty (60) days since the petition was filed.

22. Defendants have failed to properly carry out their adjudicative functions delegated to them. The Government officials and Agencies named in the Complaint violated their statutory and regulatory duties owed to Plaintiff to timely review and issue *bona fide* determinations in accordance with the Trafficking Victims Protections Reauthorization Act 2008

[2] Exhibit B – Copy of I-918 Supplement B certification signed within six months of filing and personal statement submitted with filing

("TVPRA"). *See*, INA § 214(p)(6). Also, *see* 5 U.S.C. § 555(b)(Agency required to conclude matters presented to it within a reasonable period of time). This is certainly ample time to review and make a decision concerning the *bona fide* status of Plaintiff's petitions.

23. No other adequate remedy is available to the Plaintiff. The case has been pending for months. Plaintiff completed his biometrics more than six months ago. Plaintiff has still not received a bona fide determination.

24. The delay has resulted in significant hardship to the Plaintiff. He has been deprived of deferred action status; employment authorization documents and all other ancillary benefits including a social security number which may be granted upon the issuance of a bona fide determination. *See*, INA § 214(p)(6) ("The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 101(a)(15)(U).").

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

1) Assume jurisdiction of this cause;

2) Declare that the delay in issuing a *bona fide* determination on Plaintiff's I-918 petition for U Nonimmigrant status is unreasonable.

3) Compel the Defendants to immediately take all actions necessary to make *bona fide* determinations within 60 days of this Court's Order in the instant case and grant work authorization upon a *bona fide* determination.

4) Grant reasonable attorney's fees;

5) Grant any other relief as this Court deems proper.

Dated: August 28, 2025

Respectfully submitted,

_/s/Margaret W. Wong_

Margaret W. Wong, Esq (1364561)
Margaret Wong & Associates Co., LLC
Attorney for Plaintiff
3150 Chester Ave.
Cleveland, Ohio 44114
(216) 566-9908
(216) 566-1125 (fax)